UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

KENNETH R. McDAVID,

    Plaintiff,

    v.       CAUSE NO. 1:23CV389-PPS/JEM

NICKOLES FOLKERTH, et al.,

    Defendants.

OPINION AND ORDER

Kenneth R. McDavid, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. ECF 1. His filing is confusing, as it includes a variety of documents pertaining to various issues: a notice of tort claim against two private individuals—Nickoles Folkerth and Jessica Folkerth—along with a letter describing their alleged theft of his money and property; a separate letter regarding his current medical problems and the treatment he is receiving at the Blackford County Security Center plus the "other issue" (*Id*. at 8) of medical and legal difficulties he sustained at the New Castle Correctional Facility; a written statement on a form from the Blackford County Sheriff's Office regarding witnesses of the alleged theft by the Folkerths and an itemized list of the property stolen; and another letter about his current health problems. The only defendants he mentions by name are the Folkerths.

Unrelated claims belong in different lawsuits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). As the Seventh Circuit has explained:

> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner. . . . M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.

*Id.*; *see also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017) (observing that prisoner-plaintiff's "scattershot strategy" of filing an "an omnibus complaint against unrelated defendants . . . is unacceptable"). The Seventh Circuit has instructed judges to "be alert" to the issue of unrelated claims to "ensure manageable litigation and to prevent prisoners from dodging filing fees and the Prison Litigation Reform Act's three-strikes provision. § 1915(g)." *Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) (citing *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017)).

When a plaintiff files a complaint containing unrelated claims, it is my practice to allow him to decide which related claims to pursue in the present case, as well as to decide whether to bring the other claims in separate suits. *Owens*, 878 F.3d at 566; *see also Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (district court may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants."). Therefore, I'll strike McDavid's complaint and allow him to file an amended one to clarify the scope of his lawsuit. He must decide which related claims he wants to pursue in this case and must file an amended complaint containing only those claims. For his convenience, the clerk will send him the complaint form he should use. He should answer all the questions on the form to the best of his ability, include only the related claims he wishes to raise in this case, and list only the defendant or

defendants he is suing in connection with those claims. He must describe what each defendant did and how he was harmed by it. If he wants to pursue other claims, he must raise them in a new lawsuit or lawsuits.[1]

ACCORDINGLY, the court:

(1) STRIKES the complaint (ECF 1);

(2) DIRECTS the clerk to place this case number on a blank **Prisoner Complaint Pro Se 14 (INND Rev. 2/20)** form and send it to Kenneth R. McDavid;

(3) GRANTS Kenneth R. McDavid until **October 16, 2023**, to file an amended complaint on the form containing only related claims against related defendants; and

(4) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal without further notice for lack of prosecution.

SO ORDERED on September 14, 2023.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT

---

[1] For each lawsuit he files, he must either pay the $402 filing fee up front or file a motion for leave to proceed in forma pauperis seeking to pay the fee over time.