UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KENNETH R. McDAVID, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23CV389-PPS/JEM |
| NICKOLES FOLKERTH, et al., | |
| Defendants. | |

OPINION AND ORDER

Kenneth R. McDavid, a prisoner without a lawyer, filed an amended complaint. ECF 6. I struck his original complaint because it was confusing, vague, and appeared to bring a variety of unrelated claims. *See* ECF 1 & ECF 4. I allowed him to amend his complaint to clarify the scope of his lawsuit, and he was ordered to "describe what each defendant did and how he was harmed by it." ECF 4 at 3. As required by 28 U.S.C. § 1915A, I must screen the amended complaint (ECF 6) and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because McDavid is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In his amended complaint, McDavid sues two private individuals—Nicholas Folkerth and Jessica Folkerth—because they allegedly stole personal property from him in the amount of $50,000 shortly after his arrest. He claims they used Glenn Woods, another private individual,[1] "to set up my arrest to steal trucks, money, and everything of any worth." ECF 6 at 2. He seeks "restitution" in the amount of $50,000. *Id*. at 4.

These allegations raise the question of whether I have subject-matter jurisdiction over this lawsuit. Federal courts are of limited jurisdiction, which is only established "when the complaint narrates a claim that arises under federal law (28 U.S.C. § 1331) or that satisfies the requirements of the diversity jurisdiction (28 U.S.C. § 1332)." *Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013). "Federal question jurisdiction exists when a complaint 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Jagla v. Lasalle Bank*, 253 Fed. Appx. 597, 598 (7th Cir. 2007) (quoting *Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003)). Diversity jurisdiction, on the other hand, exists when the parties are diverse of citizenship and the controversy involves more than $75,000. *See e.g., Wortham v. Chr. Hansen, Inc.*, 543 Fed. Appx. 597, 598 (7th Cir. 2013). Here, McDavid's amended complaint doesn't establish either.

---

[1] In his original complaint, McDavid describes Glenn Woods as an individual whom he was driving with when he was arrested. ECF 1 at 3. He claims the officers "let [Woods] go" while McDavid was arrested. *Id*. He admits he is guilty of drug possession and "should had not been holding the drugs for Woods or Nick Folkerth," but he believes they should have been arrested too because Woods was in charge of delivering the drugs. *Id*.

To bring a claim under 42 U.S.C. § 1983, a plaintiff must allege that the "deprivation was committed under color of state law." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (citations omitted). "The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (internal quotation marks and citation omitted). In certain circumstances, a private individual can be deemed to act under color of law if a conspiracy exists—that is, there is evidence of a "concerted effort" between a state actor and the individual to violate the constitutional rights of the plaintiff. *Id.*

Despite being given an opportunity to amend his complaint to clarify his claims, McDavid has again sued two private individuals and doesn't assert there was any state action involved in the theft allegedly committed by the defendants—or, in any event, that a federally protected right "arising under the Constitution, laws, or treaties of the United States" was implicated at all. 28 U.S.C. § 1331; *see also Jagla v. Lasalle Bank*, 253 Fed. Appx. 597, 599 (7th Cir. 2007) (even if the complaint was construed broadly to assert some sort of due process violation, the court correctly determined the claim was "frivolous because the Fourteenth Amendment applies only to government action, not purely private conduct).[2] Thus, federal question jurisdiction doesn't exist.

---

[2] For conspiracies among only private actors brought pursuant to 42 U.S.C. § 1985(3), "a plaintiff must also allege that the conspiracy was aimed at interfering with rights that are protected against private, as well as official, encroachment (such as Thirteenth Amendment rights)." *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 827, n.4 (7th Cir. 2022) (internal quotation marks omitted) (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993)); *Petrovic v. Enter. Leasing Co. of Chicago, LLC*, 513 Fed. Appx. 609, 611 (7th Cir. 2013) ("To be actionable under § 1985(3), a purely private conspiracy . . . must interfere with the Thirteenth Amendment right to be free from involuntary servitude. [Plaintiff] . . .

Furthermore, the amended complaint's assertions preclude a finding that diversity jurisdiction exists. McDavid specifically requests $50,000 in damages, which falls short of the required $75,000 threshold.[3] As such, I lack jurisdiction over McDavid's claims, and the case must be dismissed. Nevertheless, the dismissal will be without prejudice so that McDavid may file his claims in an Indiana state court that has jurisdiction over them if he so chooses. *See e.g., Jagla*, 253 Fed. Appx. at 599 ("All other claims raised by [the plaintiff] present state-law issues, and therefore the district court correctly concluded that the complaint should be dismissed for lack of subject-matter jurisdiction.").

ACCORDINGLY:

Plaintiff Kenneth R. McDavid's amended complaint [DE 6] is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction. The clerk is DIRECTED to close this case.

SO ORDERED on October 19, 2023.

    /s/ Philip P. Simon
    JUDGE
    UNITED STATES DISTRICT COURT

---

focuses only on his right to equal protection, guaranteed by the Fourteenth Amendment only against state action. Accordingly, this claim fails.") (internal citations omitted).

[3] And, even if he could satisfy the amount in controversy, he hasn't alleged that the parties are diverse in their state citizenship. For individuals, "state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993) (per curiam). Domicile requires physical presence in a state with the intent to remain there. *See Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996); *see also Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991) ("[T]he domicile of the prisoner before he was imprisoned is presumed to remain his domicile while he is in prison."). McDavid alleges both defendants live in Hartford City, Indiana, and he refers to his own property in Indiana, so it is reasonable to assume all parties are citizens of Indiana.

4